IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PARITY TECHNOLOGY SOLUTIONS, LLC<br>5110 Lancaster Street<br>Harrisburg, PA 17111<br>   *Plaintiff,*<br><br>vs.<br><br>CHATEAU GRANDE HOTEL, LLC<br>670 Cranbury Road<br>East Brunswick, NJ 08816; and<br><br>CHATEAU GRANDE REALTY, LLC<br>670 Cranbury Road<br>East Brunswick, NJ 08816<br>   *Defendants*. | Civil Action No. 3:22-cv-2456<br><br>Complaint |

# COMPLAINT

Plaintiff Parity Technology Solutions, LLC by and through its undersigned counsel, for its Complaint against Park Chateau Grande Hotel, LLC and Chateau Grande Realty, LLC alleges as follows:

### I. Parties

1. Plaintiff Parity Technology Solutions, LLC ("Parity") is a Pennsylvania limited liability corporation with its principal place of business at 5110 Lancaster Street, Harrisburg, PA 17111.

2. Parity's membership is made up of:

  a. Kiran C. Patel, an adult individual with a domicile existing in

1

Florida.

b. Active Telephones, Inc., a Connecticut corporation with a business address of 221 Broad Street, Milford, CT 06460; and

c. Asterix Associates, LLC, a Pennsylvania limited liability corporation with a business address of 6563 New Providence Drive, Harrisburg, Pennsylvania 17112. Asterix Associates, LLC's membership consists of:

　　i. Kunal Patel, an adult individual with a domicile existing in Illinois.

3. Chateau Grande Hotel, LLC ("CGH") is a New Jersey limited liability company with its principal place of business at 670 Cranbury Road, East Brunswick, NJ 08816.

4. Upon information and belief, none of CGH's members are citizens of the same states as Parity's members.

5. Chateau Grande Realty, LLC ("CGR") is a New Jersey limited liability company with its principal place of business at 670 Cranbury Road, East Brunswick, NJ 08816.

6. Upon information and belief, none of CGR's members are citizens of the same states as Parity's members.

## II.    Jurisdiction and Venue

7. Jurisdiction is founded upon 28 U.S.C. § 1332 because the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interest and costs, and there exists diversity of citizenship between Plaintiff, Parity and Defendants CGH and CGR.

8. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because as set forth herein, a substantial part of the events giving rise to the claims occurred in the District of New Jersey.

### III. Facts

9. On or about March 10, 2020, Parity entered into a Full Technology Project Contract (the "Contract") with CGH for installation of technology items (the "Project") at 670 Cranbury Road, East Brunswick, NJ 08816 ("Property"). A true and correct copy of the Contract detailing the Project is attached hereto as Exhibit "A".

10. CGR is the record owner of the Property.

11. The original amount of the Contract was $211,117.50, inclusive of 6.625% tax. *See* Exhibit "A."

12. Pursuant to the Contract, CGH expressly acknowledged that it shall be "liable for reasonable costs incurred with collection including reasonable attorney's fees." Ex. A. p. 12.

13. At execution of the Contract, CGH paid the required $105,558.75

deposit (the "Initial Deposit") and Parity began work on the Project.

14. Thereafter, CGH, by way of its authorized members, subsequently requested, and Parity provided, Change Orders (the "Change Orders") for additional work on the Project. Copies of the signed Change Orders are attached hereto as Exhibit "B."

15. The Change Orders increased the original Contract amount by $49,440.37. *See* Exhibit "B."

16. Upon completion of each portion of the Project, Parity submitted invoices to CGH for payment. Copies of the invoices are attached hereto as Exhibit "C."

17. Given the Change Orders requested by CGH, the revised value of the Contract was $260,456.58.

18. Parity timely performed all of its obligations under the contract, including, without limitation, all of the work requested by CGH in good faith and in reliance on CGH's promises and representations that it would pay the remaining balance due on the Contract.

19. Since the Initial Deposit, CGH has paid only $1,125.00 toward the outstanding balance. In total, CGH has paid only $106,683.75 toward the Contract.

20. On March 28, 2021, CGH disputed one of Parity's invoices, but

offered to pay $139,530.33 of the balance of the Contract in full settlement of the outstanding debt. A true and correct copy of the March 28 communication from CGH is attached hereto as Exhibit "D."

21. CGH is in breach of the Contract by refusing to pay the balance owed pursuant to the terms.

## COUNT I – BREACH OF CONTRACT
### Parity v. CGH

22. Parity incorporates by reference, as if fully set forth herein, the facts and allegations set forth in the foregoing paragraphs.

23. CGH entered into a contractual agreement with Parity.

24. CGH breached the Contract with Parity by refusing to pay the invoiced amount following the completion of the Project.

25. CGH now owes Parity the sum of $160,660.01. A true and correct copy of the most up to date statement is attached hereto as Exhibit "E."

26. As a direct, foreseeable, and proximate result of CGH's breach of its contractual obligations, which are continuing as of the date of this Complaint, Parity has sustained, and will continue to sustain, significant monetary damages, including, without limitation, monies owed under the Contract, interest on unpaid amounts, and attorneys' fees and expenses incurred in seeking to enforce CGH's contractual obligations. Parity is entitled to recover these damages from CGH, as

well as such other appropriate damages and relief permitted by law, all in amounts to be determined at trial.

WHEREFORE, Parity respectfully requests that this Honorable Court enter judgment in favor of Parity and against CGH on Count I of this Complaint for $160,660.01, plus interest, costs of suit, attorneys' fees and such other relief as this Honorable Court may deem just and proper.

### COUNT II – UNJUST ENRICHMENT
### Parity v. CGR

27. Parity incorporates by reference, as if fully set forth herein, the facts and allegations set forth in the foregoing paragraphs.

28. CGR has received the benefit of the use of the equipment, product, services, and labor, for which CGH has failed, without justification, to remit payment to Parity.

29. CGR has realized substantial benefits to the detriment of Parity.

30. CGR has been unjustly enriched by the benefits conferred on it by Parity, appreciation of such benefits by CGR, and acceptance and retention of such benefits under such circumstances that it would be inequitable to retain the benefit without payment of value.

31. CGH has failed to pay the sum of $160,660.01 rightly due and owing to Parity pursuant to the Contract.

32. Parity requests repayment by CGR in full so that this unjust enrichment does not continue.

WHEREFORE, Parity respectfully requests that this Honorable Court enter judgment in favor of Parity and against CGR on Count II of this Complaint for $160,660.01, plus interest, costs of suit, attorneys' fees and such other relief as this Honorable Court may deem just and proper.

Dated:  April 28, 2022

                                                 Respectfully submitted,

                                                 BARLEY SNYDER

                                                 By: */s/ Matthew G. Brushwood, Esquire*
                                                 Matthew G. Brushwood (NJ ID #020282010)
                                                 50 North Fifth Street, Second Floor
                                                 Reading, PA 19601
                                                 Telephone:  610-898-7165
                                                 Fax:  610-376-5243
                                                 mbrushwood@barley.com
                                                 *Attorneys for Parity Technology Solutions, LLC*